```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

Society of Lloyds,                )
                                  )
            Plaintiff,            )   Case No. 1:05-CV-32
                                  )
   vs.                            )
                                  )
Lea Adkins Ward, *et al.*,        )
                                  )
            Defendants.           )

### O r d e r

On February 2, 2005, Plaintiff amended its complaint in this matter and added Paul Sittenfeld as a defendant. The allegations included in the complaint make clear that Plaintiff does not aver that Mr. Sittenfeld was a party to any of the transactions giving rise to Plaintiff's claim in this action. The only mention of Mr. Sittenfeld in the complaint is the allegation that he became a trustee of the Moore Trust in December 2004, several months after those transactions were completed. Plaintiff does not assert a claim against Mr. Sittenfeld.

For those reasons, Defendant Sittenfeld filed a motion for summary judgment on March 15, 2005. In its memorandum in opposition to that motion, Plaintiff argues that Paul Sittenfeld was a party to the transactions underlying its claim. That argument is not supported by any evidence and directly contradicts Plaintiff's allegations in the amended complaint.

Plaintiff did not attempt to assert a claim against Mr. Sittenfeld other than in his representative capacity as a trustee of the Moore Trust.  The Court is persuaded, therefore, that its memorandum in opposition to Defendant Sittenfeld's motion for summary judgment is nonresponsive in that it addresses the claim against Mr. Sittenfeld as though it were based upon his own actions.  For that reason, the Court hereby **GRANTS** Defendant Sittenfeld's motion to strike Plaintiff's memorandum (Doc. 47).

The Court observes that Plaintiff obliquely hints in its memorandum that Mr. Sittenfeld's participation in this matter is required because, in the event that the Court grants the relief Plaintiff seeks, the trustees of the Moore Trust may be required to take certain actions.  Having struck Plaintiff's memorandum in opposition to Mr. Sittenfeld's motion for summary judgment, the Court will afford Plaintiff an opportunity to support its suggestion that Mr. Sittenfeld must remain a party in this action for remedial purposes only.  Plaintiff may file a memorandum in opposition to Mr. Sittenfeld's motion on that basis on or before July 18, 2005.  In the event that it does not, the Court will grant Mr. Sittenfeld's motion.  In the event that

Plaintiff files such a memorandum, Defendant Sittenfeld may file a reply memorandum on or before August 1, 2005.

    **IT IS SO ORDERED.**

```
                              /s/
        Sandra S. Beckwith, Chief Judge
        United States District Court
```